IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDWIN GÓMEZ-SANTOS<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent | **CIVIL NO.** 20-1322 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Petitioner Edwin Gómez-Santos's ("Petitioner" or "Gómez-Santos") *Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("*Motion*"). (Docket No. 1). Having considered the arguments of the parties, the Court **DENIES** Petitioner's *Motion* as untimely and procedurally defaulted. (Docket Nos. 1 and 13).

### I. PROCEDURAL BACKGROUND

On August 15, 2013, Petitioner was indicted on six counts including "Conspiracy To Possess With Intent To Distribute Controlled Substances" ("Count One"), in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860, and "Possession of a Firearm in Furtherance of a Drug Trafficking Crime" ("Count Six"), in violation of 18 U.S.C. § 924(c)(1)(A). (Criminal Case No. 13-0534-62, Docket Nos. 3 and 3384). On October 17, 2014, the parties filed a Plea

Case 3:13-cr-00534-RAM   Document 5410   Filed 06/30/22   Page 2 of 11
Case 3:20-cv-01322-RAM   Document 14   Filed 06/30/22   Page 2 of 11

Civil No. 20-1322 (RAM)                                              2

Agreement in which Petitioner pled guilty to Counts One and Six and the Government indicated it would seek dismissal of all remaining counts at sentencing. (Docket No. 2195). On June 4, 2014, Magistrate Judge Marcos E. Lopez issued a Report and Recommendation ("R & R") recommending the Court accept Petitioner's guilty plea. (Docket No. 2262). On December 4, 2014, District Judge Carmen C. Cerezo, adopted the R & R and accepted Gómez-Santos's guilty plea. (Docket No. 2520).[1] As such, on June 1, 2015, he was sentenced to twenty-eight (28) months and sixteen (16) days for Count One and sixty (60) months for Count Six, for a total sentence of eighty-eight (88) months and sixteen (16) days, in addition to Supervised Release for six (6) years as to Count One and five (5) years as to Count Six, to be served concurrently with each other. (Docket No. 3384). The sentence is also to be served concurrently with the sentence imposed in the state case, case no. E1CR201300100. Id. Per the Federal Bureau of Prisons' records, Petitioner was released on December 17, 2021, and is currently serving his term of Supervised Release.[2] (Civil Case No. 20-1322, Docket No. 13 at 1

On July 9, 2020, Petitioner filed his *Motion*. (Docket No. 1). He avers that due to the Supreme Court's decision United States v. Davis, 139 S. Ct. 2319 (2019), finding that 18 U.S.C. §

---

[1] The case was assigned to the undersigned on March 23, 2022. (Docket No. 2362).

[2] *See* Edwin Gómez-Santos (Register No. 44026-069), Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 30, 2022).

Case 3:13-cr-00534-RAM   Document 5410   Filed 06/30/22   Page 3 of 11
Case 3:20-cv-01322-RAM   Document 14   Filed 06/30/22   Page 3 of 11
Civil No. 20-1322 (RAM)                                              3

924(c)(3)(B)'s residual clause was unconstitutional, his firearm conviction under 18 U.S.C § 924(c) and consequent sentencing was unconstitutional as well. Id. Hence, he maintains he is entitled to a 60-month sentence reduction for that conviction. (Docket No. 1-1 at 5). He also claims that per the United States Court of Appeals for the Fourth Circuit's opinion in United States v. Maupin, 2019 U.S. App. LEXIS 27180 (4th Cir. 2019), his protected-location enhancement should be removed. Id. at 5-6. Finally, he claims his counsel provided ineffective assistance under the Sixth Amendment by failing to request a credit for Petitioner's 15-month pretrial detention and failing to object to a purportedly incorrect Pre-Sentence Report. Id. at 8.

On May 24, 2022, the Government filed a *Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255* ("*Response*"). (Docket No. 13). It primarily argues that Gómez-Santos's *Motion* is untimely and procedurally defaulted. Id. at 4-7.

## II. APPLICABLE LAW

28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

Case 3:13-cr-00534-RAM   Document 5410   Filed 06/30/22   Page 4 of 11
Case 3:20-cv-01322-RAM   Document 14   Filed 06/30/22   Page 4 of 11
Civil No. 20-1322 (RAM)                                              4

> move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Moreover, § 2255(f) establishes that prisoners have a one-year period to file a motion requesting relief pursuant to this statute. Id. § 2255(f). This one-year filing period begins to run from the latest of:

> (1) **the date on which the judgment of conviction becomes final**;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) **the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review**; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. (emphasis added).

### III. ANALYSIS

**A. Petitioner's claims are untimely**

Gómez-Santos was sentenced on June 1, 2015 and did not appeal. (Criminal Case No. 13-0534, Docket No. 3384; Civil Case No. 20-1322, Docket No. 13 at 4). Pursuant to the Federal Rules of Appellate Procedure, when "appellate review is not sought, the judgment becomes a final judgment for habeas purposes once the deadline for filing a notice of appeal expires 14 days later."

Case 3:13-cr-00534-RAM   Document 5410   Filed 06/30/22   Page 5 of 11
Case 3:20-cv-01322-RAM   Document 14   Filed 06/30/22   Page 5 of 11

Civil No. 20-1322 (RAM)                                              5

Fed. R. App. P. 4(b)(1); Alvarado-Cosme v. United States, 2021 WL 5749843, at *2 (D.P.R. 2021) (quoting Valdez-Aponte v. United States, 2021 WL 1565299, at *2 (D.P.R. 2021)). Thus, for purposes of § 2255(f)(1), Gómez-Santos's judgment of conviction became "final" on **June 15, 2015**, and he had until **June 15, 2016,** to file his § 2255 motion. The prisoner mailbox rule states, "a pro se prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court, provided that the prisoner utilizes, if available, the prison's system for recording legal mail." Morales-Rivera v. United States, 184 F.3d 109, 109 (1st Cir. 1999). Thus, under this rule, Gómez-Santos's filing date of July 9, 2020, was **four years** after his final judgment. (Civil Case No. 20-1322, Docket No. 1).

Petitioner's *Motion* is therefore untimely unless an equitable tolling exception to § 2255(f)(1) applies. *See* Dixon v. United States, 729 F. App'x 16, 19 (1st Cir. 2018) (holding that petitions not subject to equitable tolling are not accepted if filed outside the one-year period). Gómez-Santos proffers no equitable tolling exception as to his Sixth Amendment ineffective assistance claims; hence, they are untimely and need not be considered on the merits. (Docket No. 13 at 11); *see, e.g.,* De Jesus-Velazquez v. United States, 35 F.Supp. 3d 206, 207-208 (D.P.R. 2014) (dismissing § 2255 claim for untimeliness when the plaintiff failed to proffer

Case 3:13-cr-00534-RAM   Document 5410   Filed 06/30/22   Page 6 of 11
Case 3:20-cv-01322-RAM   Document 14   Filed 06/30/22   Page 6 of 11

Civil No. 20-1322 (RAM)                                              6

equitable tolling exception to § 2255(f)(1)). However, Petitioner argues his other claims related to the Supreme Court's decision in Davis and the Fourth Circuit's decision in Maupin meet the requirements of § 2255(f)(3). (Docket No. 1-1 at 4-7). The Court disagrees.

First, the Maupin opinion fails to satisfy the statute's clear language regarding rights "newly recognized **by the Supreme Court**" because it arises from the Fourth Circuit. 28 U.S.C. § 2255(f)(3) (emphasis added); Maupin, 2019 U.S. App. LEXIS 27180. This categorically defeats Petitioner's Maupin claim regardless of any other requirements under § 2255(f)(3), such as whether Maupin newly recognizes any right within its Circuit, or whether any such right is made retroactive on collateral review. *See, e.g.,* Fuller v. United States, 2013 WL 450859, at *2 (N.D. Ga. 2013) (finding that where a § 2255 petitioner inappropriately relied on one or more circuit court opinions purportedly recognizing new rights made retroactive on collateral review, they are nonetheless not entitled to application of § 2255(f)(3) without a **Supreme Court** decision).

Second, the Davis opinion does not apply to Petitioner's case because the provision at issue therein is not the provision under which Petitioner was convicted, namely, "Possession of a Firearm in Furtherance of a Drug Trafficking Crime." (Criminal Case No. 13-0534-62, Docket No. 3 at 48); Davis, 139 S. Ct. 2319. In

Case 3:13-cr-00534-RAM   Document 5410   Filed 06/30/22   Page 7 of 11
Case 3:20-cv-01322-RAM   Document 14   Filed 06/30/22   Page 7 of 11
Civil No. 20-1322 (RAM)                                              7

contrast, Davis discussed 18 U.S.C. § 924(c)(3)(B), which alongside § 924(c)(3)(A) defined "crime[s] of violence" and struck down as void for vagueness part of the statutory definition of that term within § 924(c). 18 U.S.C. § 924(c)(3); Davis, 139 S. Ct. at 2329. Yet Davis **did not** address the 'drug trafficking' component of the statute and therefore "does not affect the definition of 'drug trafficking crime' in 18 U.S.C. §924(c)(2)[.]" Pizarro-Galarza v. United States, 2021 WL 1565562, at *2 (D.P.R. 2021); United States v. Withee, 2020 WL 2557197, at *3 (D.R.I. 2020).

Consequently, because Petitioner was convicted of "Possession of a Firearm **in Furtherance of a Drug Trafficking Crime**" in accordance with § 924(c)(1)(A)(i), Davis is inapplicable here. (Criminal Case No. 13-0534, Docket No. 3384) (emphasis added). This holding is consistent with recent case law in this District. For example, in Pizarro-Galarza, it was determined that "[b]ecause Mr. Pizarro-Galarza was convicted of possessing a firearm in furtherance of a drug trafficking crime, not a crime of violence, he does not present a Davis claim[.]" Pizarro-Galarza, 2021 WL 1565562, at *2; see also Falú-Díaz v. United States, 2021 WL 5235129, at *2 (D.P.R. 2021); United States v. Flores-Torres, 2022 U.S. Dist. LEXIS 104045, at *1 (D.P.R. 2022).

Case 3:13-cr-00534-RAM   Document 5410   Filed 06/30/22   Page 8 of 11
Case 3:20-cv-01322-RAM   Document 14   Filed 06/30/22   Page 8 of 11
Civil No. 20-1322 (RAM)                                              8

**B. Petitioner's claims are procedurally defaulted**

As the Government correctly contends, Gómez-Santos's claims are untimely and procedurally defaulted. (Civil Case No. 20-1322, Docket No. 13 at 5-7). "When a petitioner fails to challenge their [guilty] plea on appeal, but then attempts to do so via a § 2255 motion, their claim is deemed procedurally defaulted." Santiago-González v. United States, 2021 WL 5570305, at *3 (D.P.R. 2021) (citing Perez-Mercado v. United States, 2021 WL 666863, at *4 (D.P.R. 2021)). Yet "procedural default does not automatically hinder federal relief" because such claims may be raised on collateral review if the petitioner can meet one of two standards: the "cause" and actual "prejudice" standard, or alternately the "actual innocence" standard. See Bousley v. United States, 523 U.S. 614, 622 (1998); Santiago-González, 2021 WL 5570305, at *3 (citing Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013)). Since Gómez-Santos only argues the latter, this Court need not consider the former. (Docket No. 1-1 at 2).

The "actual innocence" standard is demanding, requiring a showing that "no reasonable juror would find [Petitioner] guilty beyond a reasonable doubt[.]" Lopez-Correa v. United States, 537 F. Supp. 3d 169, 184 (D.P.R. 2020) (quoting House v. Bell, 547 U.S. 518, 518 (2006)), appeal dismissed, 2021 WL 4806411 (1st Cir. 2021). This showing must be based on new reliable evidence not previously presented at trial. See Schlup v. Delo, 513 U.S. 298,

Case 3:13-cr-00534-RAM   Document 5410   Filed 06/30/22   Page 9 of 11
Case 3:20-cv-01322-RAM   Document 14   Filed 06/30/22   Page 9 of 11

Civil No. 20-1322 (RAM)                                              9

324 (1995). Specifically, this evidence regarding "actual innocence" must establish "**factual innocence, not mere legal insufficiency[,]**" such that proffering novel legal theories to make "assertion[s] of 'legal' innocence is not sufficient." Bousley, 523 U.S. at 623 (emphasis added); United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999). For example, in Barreto-Barreto, the First Circuit found that "rais[ing] a purely legal argument concerning an issue of statutory interpretation" does not constitute "new evidence [showing] 'factual innocence'" and thus does not constitute "a colorable claim of actual innocence." Barreto-Barreto v. United States, 551 F.3d 95, 102 (1st Cir. 2008). Additionally, "[i]n cases where the Government has forgone more serious charges during plea bargaining," as here, "petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 624.

Here, Petitioner failed to challenge his judgment on appeal and his claim must be denied as procedurally defaulted unless it may be raised on collateral review due to any of the above stated reasons. *See* Bousley, 523 U.S. at 623; *see also* Santiago-González, 2021 WL 5570305, at *3. Even though he does not contest he knowingly and voluntarily agreed to a plea agreement, Petitioner still invoked the "actual innocence" standard, albeit in passing. (Docket No. 1-1). But this, standing alone, is insufficient to meet the actual innocence standard. Notably, Petitioner has not

Case 3:13-cr-00534-RAM   Document 5410   Filed 06/30/22   Page 10 of 11
Case 3:20-cv-01322-RAM   Document 14   Filed 06/30/22   Page 10 of 11
Civil No. 20-1322 (RAM)                                              10

proffered any reliable new evidence not presented at trial in support of his argument. Id. Furthermore, although Gómez-Santos offers novel legal arguments, the Supreme Court and the First Circuit have clarified that these do not constitute new evidence and are inadequate to present "a colorable claim of actual innocence." See Bousley, 523 U.S. at 623; see also Barrett, 178 F.3d at 49; Barreto-Barreto, 551 F.3d at 102. As such, Petitioner has not proffered evidence adequate to make the demanding showing that "no reasonable juror would find [him] guilty beyond a reasonable doubt[.]" Schlup, 513 U.S. at 324, 327; Lopez-Correa, 537 F. Supp. 3d at 184 (quoting House, 547 U.S. at 518).

Lastly, he was only convicted for **two** of six counts in his Indictment. (Criminal Case No. 13-0534-62, Docket Nos. 3 and 3384). Even if Petitioner's novel legal arguments constituted new evidence, which they do not, he fails to provide arguments regarding the other four counts as required by Supreme Court precedent. See Bousley, 523 U.S. 614 at 623-624; see also United States v. Leonardo, 2022 WL 1026929, at *4 (D.R.I. 2022) (finding movant failed to show "actual innocence" because he failed to bring new evidence regarding counts "dismissed as a result of the plea bargain"). As a result, Petitioner's legal theories fail to satisfy the "actual innocence" standard, and Gómez-Santos's claims must be denied as procedurally defaulted.

Case 3:13-cr-00534-RAM   Document 5410   Filed 06/30/22   Page 11 of 11
Case 3:20-cv-01322-RAM   Document 14   Filed 06/30/22   Page 11 of 11
Civil No. 20-1322 (RAM)                                              11

## IV. CONCLUSION

For the foregoing reasons, Petitioner Edwin Gómez-Santos's *Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* at Docket No. 1 is **DENIED** as both untimely *and* procedurally defaulted. The Court need not address his arguments on the merits. No certificate of appealability shall be issued as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure. Judgment of **DISMISSAL WITH PREJUDICE** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of June 2022.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge